Filed 1/7/15  P. v. Romero CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065310 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS264116) |
| JONATHAN ROMERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jonathan Romero and his codefendant, Antonio Jose Delatorre, were charged in a felony complaint with one count of unlawful possession of a deadly weapon while

confined in a penal institution (Pen. Code,[1] § 4502, subdivision (a)). The complaint also alleged that Romero had suffered numerous probation denial priors within the meaning of section 1203, subdivision (e)(4), and three prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

On June 3, 2013, Romero pleaded guilty to unlawful possession of a deadly weapon, and the balance of the allegations against him were dismissed. Although he stipulated in the guilty plea form to a two-year prison sentence that would run consecutively to the sentence he was currently serving for his conviction of attempted robbery in case No. SCS257782, the prosecutor informed the court during the July 2013 sentencing hearing in the current case that because the offense had occurred in county jail rather than in prison, the most time Romero could be ordered to serve in custody would be one year (one-third of the three-year midterm sentence) consecutive to his sentence in the other case. Consequently, the court sentenced Romero in the current case to a one-year prison term to be served consecutively to the 16-month term he was serving in the other case.

In December 2013 Romero was resentenced in the instant case because the court determined his original one-year sentence was not available in that he had already completed the sentence imposed in case No. SCS257782 when he was sentenced in the instant case. The court and the parties agreed that Romero would withdraw his original guilty plea and be allowed to plead guilty to the lesser offense of manufacturing a

---

[1]     All further statutory references are to the Penal Code.

weapon while incarcerated in prison in violation of section 4502, subdivision (b). The court granted Romero's motion to withdraw his guilty plea. Romero then pleaded guilty to a violation of section 4502, subdivision (b), in exchange for the lower term sentence of 16 months in prison with presentence credits back to June 3, 2013, the date he had been released on parole in case No. SCS257782. The balance of the allegations against him were again dismissed. The court sentenced Romero to the stipulated 16-month prison term.

Romero in propria persona requested a certificate of probable cause. There is no record of the court's granting or denying this request.

Counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. We affirm the judgment.

## FACTUAL BACKGROUND[2]

A. *The People's Case*

During the evening on February 11, 2013, at the San Diego Central Jail, sheriff's deputies conducted a search of the cell shared by Romero and Delatorre. During a search of the bottom bunk, one of the deputies discovered an envelope on which Delatorre's name was written. The envelope was unusually heavy. When the deputy opened it, he found a six-inch metal rod with a sharpened point.

During the search of the top bunk, the deputy found a bag that had Romero's name and booking number on it. The deputy opened it because it, too, was unusually heavy.

---

[2] The following statement of facts is based on information in the probation report.

Inside the bag the deputy found another six-inch rod with a sharpened point. The deputy identified both objects as shanks, which are instruments used by inmates to stab jail staff members or other inmates.

Romero and Delatorre were interviewed regarding the shanks found in their cell. Delatorre indicated he had obtained the metal rod from the multipurpose room in House No. 3 of the jail. He then told the deputies that he and Romero had manufactured the rods into shanks. Delatorre claimed that he had no plan to use the weapon to attack anyone and that he just wanted it to protect himself from other inmates. Romero refused to give a statement.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as a possible, but not arguable, issue: "Was [Romero's] guilty plea involuntary because he would not have pled guilty and accepted the 16-month sentence if he had been informed that [] section 1170, subdivision (d), forbade the trial court from both recalling his sentence after 120 days from the first sentencing and from imposing a higher sentence on remand, and was defense counsel ineffective for failing to so advise [Romero] or did the trial court lawfully impose the new sentence because the prior imposed sentence was unlawful, and could therefore be corrected, even if it was increased, at any time?"

4

On August 27, 2014, we granted Romero permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issue raised by appellate counsel, has disclosed no reasonably arguable appellate issue. When Romero originally pleaded guilty to the original charge of unlawful possession of a deadly weapon while confined in a penal institution (§ 4502, subdivision (a)), he stipulated to a two-year consecutive prison sentence. Romero later withdrew that guilty plea and pleaded guilty to the lesser charge of manufacturing a weapon while incarcerated in prison in violation of section 4502, subdivision (b) in exchange for the lower stipulated term of 16 months in prison nunc pro tunc as of June 3, 2013, the date of Romero's original guilty plea, with credits for time served. Romero's stipulated 16-month prison sentence is for a shorter term than the stipulated two-year term he accepted when he first pleaded guilty to the greater offense of unlawful possessing a deadly weapon while confined in a penal institution (§ 4502, subdivision (a).) Romero has been represented adequately by appellate counsel.

DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.